of the day. We have people of the state of Illinois v. Rasha Peacock. We have the appellant waiving oral argument and we have Mr. Tim Ting to be at the lead. You may proceed when you're prepared. Thank you, your honor. Again, my name is Tim Ting and I represent people of the state of Illinois. Again, I'll be brief. Here, I just want to emphasize to this court that there seems to be a growing area of law which indicates that frankly inquiries are required at any time the defendant makes a post-trial claim of ineffective assistance to counsel against his trial attorney. And that is simply not the case. So I want to emphasize the cases of Bradford, which was a 2005 case, which was aptly notes the decision. When there is a bold assertion of the defendant's claim of ineffective assistance to counsel, without more than that, it simply does not induce in trial court or impose upon the trial court the requirement. Let me ask you something. It appears in this case that the judge may not have been aware of the letters or at least they're not, it doesn't, I didn't find anything in the record that I had that indicated that he knew that there were letters. I would, I would, I would believe what you're saying is because the trial court didn't make any frank inquiry at all and there appears to be some sense of he doesn't exactly know that there were letters. Your honors, I would say that the letters are filed, the dates are in the letters on the common law record. While the trial court has not specifically mentioned that in the transcripts, the fact that they are on the common law record, the trial, we have to presume that the trial court actually looked at those letters. Merely because he doesn't mention them, it doesn't mean that he didn't see them. And furthermore, I would say even if he didn't see them, it would still not be an error that would be worthy of crinkling because the substantive claims that the defendant makes are well set. He makes a claim against, and I quote, he hasn't given me all the information I have asked for. That's pleasantly disposable by Keaton versus Davidson, which says discovery, trial attorneys are not required to give discovery to all, all the elements of discovery to their clients. Again, another assertion by the defendant. He has a lot of evidence proving my innocence and he wouldn't use it in court. Again, the trial attorney had broad discretion on what type of evidence he presents in the trial court. I point this court to Keaton versus Jones, located in my brief. The last assertion the defendant makes is he wouldn't put her back on the stands for jury's memory. Again, trial court or trial attorney's discretion on cross-examination in which witnesses put on a trial is well settled. That's within their province of discretion. So even if we presume that the trial court did not read the letters, the defendant's claims are baseless. They do not prompt the trial court to actually make a crinkle inquiry. So even under that presumption, the error would still not be an error. The absence or omission of reading letters would still not be an error. Do you have any questions for me? No. Thank you. Thank you, Mr. Tang. I take the matter under advice that